IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON BURROW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:17-cv-00876 |
| J MERCER COMPANY, LLC, and § | |
| JEFFREY A. MERCER, § | |
| § | |
| Defendants. § | |
| § | |
| § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I. INTRODUCTION

1. Plaintiff Aaron Burrow ("Burrow"), former employee of Defendants J Mercer Company, LLC and Jeffrey A. Mercer, brings this action for overtime compensation and other damages under the Fair Labor Standards Act, as amended, through 29 U.S.C. §216(b).

## II. PARTIES

2. Plaintiff Burrow is an individual residing in Collin County, Texas.

3. Defendant J Mercer Company, LLC is a domestic limited liability company. This Defendant may be served with summons by serving its registered agent, Jeffrey A. Mercer, at the following address, as registered with the Texas Secretary of State: 3030 LBJ Freeway, Suite 1600, Dallas, Texas 75234.

4. Defendant Jeffrey A. Mercer is an individual resident of Texas. He may be served with summons at his place of business: 3030 LBJ Freeway, Suite 1600, Dallas, Texas 75234.

## III. JURISDICTION AND VENUE

5.  Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant J Mercer Company, LLC ("JMC") was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant JMC regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and §3(s) of the Act (29 U.S.C. §203(r) and §203(s)). Additionally, Burrow was individually engaged in commerce. Both Defendants acted in the capacity of "employer" as to Burrow, pursuant to the Fair Labor Standards Act. Defendant JMC's gross annual revenues for the relevant years were in excess of $500,000 per year. Venue is proper in this district under 28 U.S.C. § 1391, as all or a substantial portion of events giving rise to the claim occurred within the Northern District of Texas, Dallas Division, and Defendant JMC is headquartered in this district.

## IV. STATEMENT OF FACTS

6.  Burrow worked for JMC from on or around July 1, 2015 through on or around December 1, 2016 as an Administrative Assistant. He was paid on a purported salary basis but was not exempt from the overtime provisions of the Fair Labor Standards Act.

7.  During one or more workweeks of Plaintiff's full-time employment with Defendants, Plaintiff worked in excess of 40 hours.

8.  During one or more workweeks of Plaintiff's full-time employment with Defendants in which Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one-and-one-half times Plaintiff's regular rate of pay for each overtime hour that he worked.

9.  During one or more weeks of Plaintiff's employment with Defendants, Plaintiff was not paid for all of the hours for which he worked but for which he should have been paid.

## V. COUNT ONE - VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

10. The acts described in the preceding paragraphs committed by Defendants violate the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff is entitled the amount of unpaid overtime as well as liquidated damages in an amount equal to the unpaid amount of overtime wages. Plaintiff also claims attorney fees, expert witness fees and costs.

11. The violations committed by Defendants were committed willfully within the meaning of the Fair Labor Standards Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Burrow requests that this Court enter an order:

a. Declaring that Defendants violated the Fair Labor Standards Act for failing to pay required overtime pay;

b. Declaring that Defendants' violations of the FLSA were willful;

c. Granting judgment to Plaintiff against Defendants jointly and severally for Plaintiff's claims of unpaid wages as secured by the Fair Labor Standards Act, as well as liquidated damages;

d. Awarding Plaintiff his costs and reasonable attorney's fees;

e. Awarding Plaintiff pre- and post-judgment interest at the highest rates allowed.

f. Granting such further relief as the Court finds just.

Respectfully submitted,

*/s/ Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



6440 N Central Expy #804
Dallas, TX 75206
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFF**